In re Joseph T. **KURALI**, Debtor.

**CORESTATES BANK OF DELAWARE,
N.A.,** Plaintiff,

v.

Joseph T. **KURALI,** Defendant.

**Bankruptcy. No. 91–299–8P7.
Adv. No. 91–234.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 25, 1991.

Kevin P. O'Brien, Tampa, Fla., John F. Gehring, Malvern, Pa., for plaintiff.

Daniel A. Medeiros, Sarasota, Fla., for defendant.

FINDINGS OF FACT, CONCLUSIONS
OF LAW AND MEMORANDUM
OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a two-count Complaint filed by CoreStates Bank of Delaware, N.A. (CoreStates) against Joseph T. Kurali (Debtor) seeking a determination that the debt due and owing by the Debtor to CoreStates is nondischargeable by virtue of § 523(a)(2)(A) and § 523(a)(2)(B) of the Bankruptcy Code. Count II, based on § 523(a)(2)(B), was previously dismissed by Order of this Court and thus, only Count I, based on § 523(a)(2)(A), remains for consideration. The facts relevant to the matter under consideration, as they appeared from the record are as follows.

The Debtor is a former travelling jewelry salesman who worked on a commission basis and earned up to two-thirds of his annual income during the Christmas season. Because the Debtor received the bulk of his income at the end of the year, he used credit cards during the rest of the year to pay for his normal living expenses. The Debtor had over 19 credit cards when he filed his Petition for Relief under Chapter 7 of the Bankruptcy Code, and he stated that he always had a high balance on several credit cards. This fact is borne out by the Debtor's Schedules & Statement of Affairs, on which he scheduled unsecured debt in the amount of $69,757.31, of which $67,-357.31 was for credit card charges.

The Debtor experienced a substantial loss of income in 1989 because he was in an automobile accident in September of that year and was unable to work during the busy Christmas season. The accident also caused him to miss 9 months of work in 1990, and even though he was able to work during the 1990 Christmas season, sales were disappointing and flat. The Debtor earned $24,000.00 in 1989 and less than $4,000.00 in 1990, well below what he expected during both years. In November, 1990, the Debtor sustained additional injuries, and he has been unable to work since

that time. The Debtor now receives a small disability income.

The Debtor received a credit card from CoreStates in February, 1986, and when he filed his Petition for Relief under Chapter 7 of the Bankruptcy Code in January, 1991, he had a balance of $7,330.50 on the CoreStates card. The majority of these charges were incurred between August 20, 1990 and October 15, 1990 when the Debtor took three separate cash advances totalling $5,000.00. Although there were other charges on the CoreStates card, clearly the cash advances constitute the bulk of the Debtor's debt to CoreStates. Additionally, the other charges appear to be routine and minor charges and thus, this Court is satisfied that it is appropriate to limit the determination of the dischargeability of the Debtor's debt to CoreStates to $5,000.00, or the sum of the three cash advances.

■ These are the facts upon which CoreStates bases its claim of nondischargeability pursuant to § 523(a)(2)(A) of the Bankruptcy Code. Section 523(a)(2)(A) provides as follows:

§ 523. Exemptions to Discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

■ The overriding purpose of the Bankruptcy Code is to provide a Debtor with a new opportunity in life, free from the pressures of pre-existing debt. *Lines v. Frederick,* 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970). Thus, Complaints seeking an exception to the discharge are construed strictly against the creditor and liberally in favor of the Debtor. *In the Matter of Bonanza Import and Export, Inc.,* 43 B.R. 577 (Bankr.S.D.Fla.1984). However, a creditor no longer must prove a case under § 523 of the Bankruptcy Code by clear and convincing evidence; instead, the creditor has the burden of proving a nondischargeability claim by a preponderance of the evidence. *Grogan v. Garner,* —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

It should be noted that when the Debtor used the CoreStates card to obtain cash advances, he was not gainfully employed during the previous 11 months. Although he returned to work soon after taking the cash advances just in time for the busy Christmas season, during which he expected to earn ⅔ of his yearly income, the Debtor would only have earned $16,000.00 at the maximum even if he kept pace with his 1989 earnings, the highest earnings during the years prior to his accident. However, the Debtor sustained additional injuries in November, 1990 while he was on a five-week visit to Hungary to visit his sick mother, and he has been unable to work since then. Thus, the Debtor worked only a few weeks in 1990, and his income for the year was less than $4,000.00. Based on the foregoing, this Court is satisfied that even if the Debtor did earn $16,-000.00 during the latter part of 1990, after taking into account his monthly expenses of nearly $2,000.00, and the fact that he had nearly $70,000.00 in credit card debt, he would not have been able to meet the monthly payments on all of these credit cards. In fact, the Debtor admitted that he was using credit cards that charged 14% interest to take cash advances and pay for other cards that charged 19% interest. In effect, the Debtor was robbing Peter to pay Paul, and he clearly had to realize that at some point, this house of cards would collapse.

There is hardly any question that the Debtor knew, or should have known, that he did not realistically have the ability to meet his obligations owed to CoreStates resulting from the cash advances and to meet his other obligation of nearly $70,-000.00 in unsecured debt. In sum, this Court is satisfied that CoreStates has met its burden of proving all of the operating elements of § 523(a)(2)(A) by a preponderance of the evidence and thus, the Debtor's debt to CoreStates in the amount of $5,000.00 should be declared nondischarge-

able. A separate Final Judgment will be entered in accordance with the foregoing.

DONE AND ORDERED.